# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BOBBY JOE JOHNSON, Jr.,

        **Plaintiff,**

        -vs-                                        Case No.    05-C-0701

DAVID A. SHEPHERD,
KENOSHA POLICE DEPARTMENT,
DETECTIVE RUSS BECKMAN #247,
CAPTAIN RANDY BERNER #218,
KENOSHA COUNTY DISTRICT ATTORNEYS OFFICE
DISTRICT ATTORNEY ROBERT J. JAMBOIS, and
ASSISTANT DISTRICT ATTORNEY SHELLY J. RUSCH,

        **Defendants.**

_____

# DECISION AND ORDER

_____

        The plaintiff, who is proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects

from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The court determined that the prisoner lacked the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts

2

in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A review of the complaint reveals that the plaintiff is a pretrial detainee currently housed at the Kenosha County Detention Center. He contends that his current confinement violates his rights under the United States Constitution, the Wisconsin Constitution and various state statutes.

The allegations of the complaint stem from an altercation that allegedly occurred between the plaintiff and defendant David A. Shepherd, on December 28, 2004. The plaintiff finds fault with the defendants' decision not to file charges against defendant Shepherd as a result of this incident. Specifically, he contends that the defendant Kenosha District Attorney's Office abused it's discretion in failing to bring charges against defendant Shepherd and instead "gave the Kenosha Police Department the authority on whether to prosecute or not prosecute charges . . . ."

3

(Complaint at 4, ¶2.) He further alleges that defendants District Attorney Robert J. Jambois and Assistant District Attorney Shelly J. Rusch abused their discretion in that they did not provide "protection to [him] as a victim on case 2004-177439 and then continued to question [him] without reading [him] rights to make a statement . . . ." (Complaint at 4, ¶7.) With respect to the remaining defendants, Kenosha Police Department, Detective Russ Beckman and Captain Randy Berner, the plaintiff states that they failed to notify him that he was entitled to "have an attorney during questioning" and was "never read any [M]iranda rights . . . ." (Complaint at 3.)

### Claims Against Defendant David A. Shepherd

The plaintiff fails to state a claim against defendant Shepherd. According to the plaintiff's own allegations, defendant Shepherd is merely a "resident of Kenosha." (Complaint at 1, ¶I,C.) Private citizens are not subject to suit under §1983 unless they conspire or actively participate with a public official to deprive someone of a constitutional right. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (*citing Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). The plaintiff's only allegations in the complaint against defendant Shepherd are that he attacked the plaintiff with a sword and "tried to take [his] life . . . ." (Complaint at 2, ¶IV.) The complaint is devoid of any allegations that defendant Shephard conspired with any of the other defendants to deprive him of his constitutional rights. Accordingly, the plaintiff's claims against defendant Shepherd will be dismissed.

4

### Claims Against Defendants Kenosha County District Attorney's Office, District Attorney Robert J. Jambois and Assistant District Attorney Shelly J. Rusch

The plaintiff argues that the defendants Jambois and Rusch, both prosecutors with the Kenosha County District Attorney's Office, improperly brought charges against him and neglected to bring charges against defendant Shepherd. The problem the plaintiff faces in bringing a §1983 action against these defendants is that they are shielded from such suits under the doctrine of absolute prosecutorial immunity. It is well settled that a prosecutor is absolutely immune from liability for his or her prosecutorial activities. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003); *Davis v. Zirkelbach*, 149 F3d 614, 617 (1998). This is so even if the prosecutor "initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Hence, the plaintiff's claims against defendants Jambois and Rusch must be dismissed on the basis of prosecutorial immunity. *See* 28 U.S.C. §1915A(b)(2).

The claims against defendant Kenosha County District Attorney's Office are also without merit. A "district attorney's office" is not a separate legal entity subject to suit under §1983. *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678079 (E.D. Wis. 1999). Furthermore, the only relief the plaintiff seeks from this defendant is "acquittal from case 2005-001314 for prosecution [sic] misconduct . . . ." (Complaint at 5.) This relief is not available under §1983. Such relief is available only pursuant to a habeas corpus petition filed under 28 U.S.C. §2254

5

after the plaintiff has exhausted his available state remedies. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). For these reasons, the constitutional claims against the "Kenosha County District Attorneys [sic] Office" will be dismissed. The remaining state law claims against these defendants will also be dismissed as they are not cognizable under §1983.

**Claims against Defendants Kenosha Police Department, Detective Russ Beckman and Captain Randy Berner**

Liberally construing the complaint, the plaintiff appears to be alleging that the failure on the part of defendants Beckman and Berner and the Kenosha Police Department to give him *Miranda* warnings entitles him to relief under 42 U.S.C. §1983. The Kenosha Police Department does not enjoy a separate legal existence independent of the City of Kenosha and is therefore, not a suable entity. *See Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001); *Reese v. City of Chicago Police Dep't.,* 602 F. Supp. 441, 443 (N.D. Ill. 1984).

Furthermore, his claim against these defendants is legally frivolous. While failure to provide the warning required by *Miranda v. State of Arizona*, 384 U.S. 436 (1966), would preclude the use of his statements in a criminal trial, it does not amount to a cognizable claim under 42 U.S.C. §1983. *Thornton v. Buchman*, 392 F.2d 870, 874 (7th Cir. 1968). His claims that the actions of these defendants violated existing state statutes also fails to state a claim under §1983 as such claims do not invoke any right secured by the Constitution or laws of the United States. Therefore, the claims against defendants Beckman, Berner and the Kenosha Police Department will be dismissed.

6

Case 2:05-cv-00701-RTR    Filed 10/04/05    Page 6 of 8    Document 5

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (*quoting Williams v. Faulkner*, 837 F.2d 304, 308 [7th Cir. 1988], *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 [1989]).

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and (b)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and (b)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $250.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account

exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2005.

      **SO ORDERED,**

      s/ Rudolph T. Randa
      **HON. RUDOLPH T. RANDA**
      **Chief Judge**

8

Case 2:05-cv-00701-RTR   Filed 10/04/05   Page 8 of 8   Document 5